COLEMAN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, March 13, 1906.

1. **CARRIERS OF PASSENGERS: Boarding Moving Car: Prima Facie Case.** In an action for damages on account of injuries received by plaintiff while attempting to board one of defendant's street cars, where the evidence for plaintiff tended to show that in response to his signal the car was slowed to about three miles an hour, that he seized the handrail and placed his foot on the step when the speed of the car was suddenly accelerated causing his foot to slip, that he hung on to the handrail until he was dragged some distance and thrown into the gutter, that the conductor saw him while thus dragged but gave no signal to stop, plaintiff made out a prima facie case.

2. ———: ———: **Last Chance.** And it was error to instruct the jury on the theory that if plaintiff was negligent in boarding a rapidly moving car, he could not recover, although the defendant's servants in charge of the car saw his perilous position and made no effort to avoid injuring him.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Boyle & Priest* and *Robert E. Moloney* for appellant.

(1) Instruction numbered two, as amended by the court, is not erroneous, in that it would warrant the

granting of plaintiff a new trial under the facts in this case. Fulks v. Railway, 111 Mo. 341, 19 S. W. 818. (2) Instruction numbered four, given by the court on its own motion, is not erroneous in that it would warrant the granting of plaintiff a new trial under the facts in this case. Hornstein v. Railway, 97 Mo. App. 271, 70 S. W. 1105; Meyer v. Railway, 6 Mo. App. 27; Cooley on Torts (2 Ed.), p. 812, and cases collected in note 2. (3) The demurrers offered at the close of the plaintiff's case, and also at the close of the whole case, should have been sustained: (a) Because the plaintiff failed to prove any actionable negligence whatever. Edwards v. Ins. Co., 100 Mo. App. 712, 73 S. W. 881; Hanselman v. Railway, 88 Mo. App. 123; Hook v. Railroad, 162 Mo. 569, 63 S. W. 360; Hyde v. Railroad, 110 Mo. 272, 19 S. W. 483; Kennedy v. Railroad, 43 Mo. App. 1; Spiro v. Transit Co., 102 Mo. App. 250, 76 S. W. 684. (b) Because the undisputed evidence showed that plaintiff's own carelessness and recklessness contributed directly to his injuries. Tanner v. Railroad, 161 Mo. 497, 61, S. W. 826; Zumault v. Railroad, 175 Mo. 311, 74 S. W. 1015; Moore v. Railroad, 176 Mo. 528, 75 S. W. 672; Hanselman v. Railroad, 88 Mo. App. 123. (c) Because the testimony of plaintiff and his witness to the effect that the conductor was standing in the rear door of the car all the while looking at plaintiff while he was being dragged from one hundred and fifty to two hundred and fifty feet, without attempting to extricate plaintiff from his perilous position, or to make any effort to ring the bell to stop the car, is so contrary to the overwhelming weight of the evidence, so glaringly against the physical facts, and so palpably against our knowledge of human nature, that it will be treated by this court as no evidence. Gurley v. Railroad, 104 Mo. 211, 16 S. W. 11; Nugent v. Milling Co., 131 Mo. 241, 3 S. W. 428; Graney v. Railroad, 157 Mo. 666, 57 S. W. 276.

*E. W. Banister* for respondent.

BLAND, P. J.—The suit was commenced before a justice of the peace, and appealed from the judgment of the justice to the circuit court of the city of St. Louis. The following is the material portion of the complaint filed before the justice, to-wit:

"That on the twenty-fourth day of May, 1903, at Twenty-third street and Washington avenue in said city of St. Louis, Missouri, the plaintiff presented himself as a passenger to defendant and the defendant, by its servants in charge of an east-bound car on said Washington avenue received plaintiff as a passenger, that is to say the motorman and conductor in charge of said car slackened the speed of said car so that plaintiff was enabled to step upon the step of said car, holding on to the iron rail provided for that purpose, and thereupon it was the duty of defendant's servants and agents to permit plaintiff to safely get upon the platform of said car and into the same, but plaintiff says that the said defendant, did by its servants in charge of said car so carelessly and negligently run, control and manage said car at said point on said Washington avenue just east of said Twenty-third street, that after plaintiff had stepped upon the step of said car, having hold of the iron rod or rail provided for that purpose, and before plaintiff had time to step upon the platform of said car, the motorman in charge of said car did negligently and carelessly cause said car to start forward with a jerk and at a high rate of speed, whereby plaintiff's feet were jerked off the step of said car and he was saved from falling only by holding onto said iron bar or rail; and that although the defendant's conductor in charge of said car saw the perilous position of plaintiff, and by the exercise of reasonable care after seeing his perilous position might have stopped said car and prevented injury to plaintiff, he did not make any effort to stop said car, but

permitted the same to proceed at a high rate of speed,. and plaintiff says that by reason of said carelessness. and negligence of defendant, by its servants and agents, he was dragged along the street and along the granite pavement and his right knee was wounded, bruised and injured so that he was confined to his room for eight weeks and during all of said times was unable to work, and during all of said time he suffered great pain of mind and body; that he was also put to great expense in employing and paying for the services of a doctor and for medicines and bandages to-wit, the sum of fifty dollars, and that by reason of the premises plaintiff has been damaged in all in the sum of five hundred dollars: for which he prays judgment with his costs."

The verdict and judgment were for the defendant in the circuit court. On motion of plaintiff a new trial was granted on the ground that the court was of the opinion it had committed error in giving the following instructions, to-wit:

"2. The jurors are instructed that if they believe and find from the evidence that the plaintiff, on May 24,. 1903, at Twenty-third street and said Washington avenue, in the city of St. Louis, Missouri, presented himself for passage on an east-bound car of defendant, which was then and there being operated by defendant on said Washington avenue, and that while said car was passing said point on Twenty-third street and Washington avenue, plaintiff attempted to board the same by placing his foot upon the lower step of said car, and seizing hold of the handrail on the side of said car, and that while in such position and while plaintiff was attempting to get upon the platform of said car, his foot slipped or was jerked off said step; that plaintiff held on to the handrail on the side of said car, and was dragged along the street and the granite pavement thereof, and in consequence thereof his right knee was injured, bruised and wounded; and if you further believe and find from the evidence that the conductor in charge of said car saw

plaintiff and knew his perilous position before he was injured and that by the exercise of reasonable care said conductor might have stopped said car in time to have prevented injury to plaintiff, then plaintiff is entitled to recover herein, notwithstanding you may further believe and find from the evidence that the motorman in charge of said car did not know that plaintff was presenting himself for passage on said car or was attempting to board the same, unless under other instructions herein given, you find from the evidence that plaintiff was himself guilty of contributory negligence.

"4.   The court further instructs you that the plaintiff cannot recover, notwithstanding you find the defendant or its servants may have been negligent in not stopping the car after plaintiff's dangerous position was known to the conductor, and notwithstanding you find that the defendant may have been guilty of negligence in starting the car with a jerk and at a high rate of speed, if you also find from the evidence that the plaintiff, by the want of ordinary care and by his own voluntary act by attempting to get on the car while it was moving, as shown by the evidence, so far contributed to the accident that but for this fact the accident would not have happened.

"That is to say, if you find from the evidence that both the plaintiff and the defendant was guilty of negligence which caused the injury the plaintiff cannot recover."

Plaintiff's evidence tends to show that he signaled the motorman in charge of one of defendant's cars, running on Washington avenue, in the city of St. Louis, to stop at the corner of Twenty-third street and Washington avenue; that the motorman slowed the speed of his car down to the rate of about two or three miles an hour, and while the car was moving at said speed, plaintiff attempted to get aboard; that he seized hold of the handrail at the side of the car, placed one foot on the lower step of the entrance to the rear platform, and, at the

moment he placed his foot on the step, the speed of the car was greatly accelerated, causing plaintiff's foot to slip off the step and his body to swing backward and downward; that he hung on to the handrail as long as he could, but after being dragged about two hundred feet he let go and rolled into the gutter at the side of the street; that while he was being dragged, the conductor was standing on the rear platform, looking directly at him, but gave no signal to the motorman to stop the car until after plaintiff had lost his hold and rolled into the gutter.

On the part of the defendant, the evidence tends to show that the car was running at a speed of eight or ten miles an hour; that no signal was given the motorman by plaintiff to stop and that the speed of the car was not checked in the least; that plaintiff "grabbed" hold of the handrail and was immediately hurled into the air; that he was not dragged at all. The evidence also tends to show that the conductor was not on the platform at the time of the happening of the accident but was on the inside, about the middle of the car.

At the close of plaintiff's evidence and again at the close of all the evidence, defendant moved the court to instruct that plaintiff could not recover, and insists on the appeal that plaintiff should have been nonsuited. While it seems to us that the greater weight of the evidence shows that plaintiff attempted to board the car while it was running at a high rate of speed, and for this reason was guilty of such negligence as to preclude his right of recovery, yet we think his evidence made out a prima facie case that entitled him to go to the jury. The instructions, numbered 2 and 4, were given upon the theory that if plaintiff was guilty of contributory negligence in attempting to board a moving car, and thereby placed himself in a position of peril, he could not recover, although the defendant's servants in charge of the car saw the plaintiff's perilous situation and made no effort whatever to stop the car and avoid injuring

him. Such doctrine as this has no place in civilized society and is opposed to the well-established doctrine, that notwithstanding A may have negligently placed himself in a position of peril, he does not thereby license B to either wantonly or negligently injure him, but requires B, on the discovery of A's peril, to use ordinary care to avoid injuring him, and if he fails to exercise such care and injury resulted to A, B will be held to respond in damages for such injury.

The motion for new trial was properly sustained and the judgment is affirmed. All concur.